## JOINDER OF A POLICE OFFICER AND HIS SURETY.

Common Pleas Court of Franklin County.

AUGUSTUS GRAVELL v. CHARLES C. SPEAKMAN ET. AL.

Decided, March 8, 1909.

*Joinder of Parties and Causes—Action for False Imprisonment—Police Officer and his Surety Made Defendants in Action for Damages—Failure to Pay Damages not Essential to the Bringing in of the Surety—Sections 4994, 5058 and 5059.*

1. A cause of action against an officer may be joined with one jointly against the officer and his surety on his official bond.
2. The cause of action against the officer is the subject of the action, and the joint cause of action against both on the official bond is a transaction connected with the subject of action, both causes affecting all the parties to the action, therefore being properly joined.

*Geo. W. Bope,* for plaintiff.
*Geo. S. Marshall* and *Sater & Seymour,* contra.

KINKEAD, J.

This is an action by plaintiff for false imprisonment against a police officer.

The defendant, the Title Guaranty & Trust Company, interposes a demurrer, claiming that there is a misjoinder of parties defendant, in that the defendant, the Title Guaranty & Trust Company, is wrongfully joined with the defendant police officer, and that the separate causes of action against several defendants are improperly joined, and that the petition does not state facts sufficient to constitute a cause of action against the defendant, the Title Guaranty &. Trust Company.

It has been repeatedly held by this court that a comp'ainant in false imprisonment may properly join the principal and surety in such cases as this in one action, and that the cause against the officer may appropriately be joined with the cause on the bond against the surety. There is occasion, however, for giving the reasons for the rule, some of which have perhaps not been given.

The grounds for such joinder may be found in Sections 4994, 5058 and 5059.

The causes of action in this case are not separately stated and numbered, but are run together. There are, in fact, two separate causes, one against the police officer for breach of duty, the due performance of which is guaranteed by the surety on his official bond. This cause is primarily against the officer, but it affects the surety on the bond, who is liable if there has been a breach. The surety is as much interested in resisting the liability on the cause against the officer as is the latter himself, so that it meets the requirements of Section 5059, Revised Statutes, that the causes so united must affect all the parties to the action.

The *subject* of the cause of action against the officer is the tort constituting breach of official duty, the wrongful act being the transaction giving rise to such cause of action.

The first cause of action is against the officer alone; and the second is against the officer and the surety on his bond guaranteeing the official duty.

The execution and delivery of the bond is a transaction connected with the same subject of action, which consists of the operative facts showing a breach of official duty.

Though the cause against the officer constitutes a separate cause against him alone, still the joint cause against the principal and surety may be united by virtue of Sections 5058 and 5059, the transaction of the execution of the bond being connected with the subject of the first cause against the officer and both causes affecting both parties.

It is claimed that there are not sufficient facts stated to constitute a cause of action on the bond against the surety; that there is no breach alleged; and that there is no allegation that the principal has failed to pay.

A breach of official duty is alleged, and this constitutes a breach of the bond. Failure to pay the damages is not essential, since Section 4994, Revised Statutes, authorizes the action to be brought on the bond against the principal and the sureties.

The demurrer is overruled.